Swing, J.
Annie Florien was indicted under section 6815, Revised Statutes, which section reads as follows:
“Whoever, with intent to procure the miscarriage of any woman, prescribes or administers to her any medicine, drug or substance whatever, or, with like intent, uses an instrument or means whatever, unless such miscarriage is necessary to preserve her life, or is advised by two physicians to be necessary for that purpose, shall, if the woman either miscarries or dies in oonsequence thereof, be imprisoned in the penitentiary not more than seven cr less than one year.”
The indictment contained two counts. The first count, in substance, oharged Florien with using a certain instrument unknown to the jurors, upon the body of one Lulu Kate Fox, a pregnant woman, with intent to procure the miscarriage of the said Fox, and that by reason thereof, said Fox beoame wounded and diseased, from which said Fox died.
The second oount is as follows, to-wit: “And the grand jurors aforesaid, upon their oaths aforesaid,do further present that Anna Florien, on the sixth day of May, in the year 1896, with force and arms, at the county of Hamilton aforesaid, unlawfully, wilfully and knowingly did use certain means, to the jurors aforesaid unknown, in and upon the body and womb of one Lulu Kate Fox, she the said Lulu Kate Fox, being then and there a pregnant woman, with intent then and there and to thereby procure the miscarriage of the said Lulu Kate Fox, the said miscarriage not being then and there necessary to preserve the life of the said Lulu Kate Fox, and then and there not having been advised by two physicians to be necessary for that purpose, and in oonsequence of the use of said means by the said Annie Florien with the intent aforesaid, the said Lulu Kate Fox then and there became greatly wounded and diseased of her body,of which said wound and disease the said Lulu Kate Fox *597 afterwards, to-wit, on the twelfth day of May in the year aforesaid,in the oounty aforesaid, died,contrary to the form of the statute in such case made and provided, and against the peace and dignity of the state of Ohio.”
James D. Ermston, Hiram M. Rulison and C. S. Sparks, for Plaintiff in Error. Schwartz, Darby & Ballard, for State.
The statute provides that whoever, with the intent to procure the misoarriage of a woman, uses any instrument or means, shall, if the woman either misoarries or dies in consequence thereof, be imprisoned, etc.
The first count in this indiotment.oharged the use of an instrument, the name unknown, with intent to procure the miscarriage by reason of which the woman died.
The second count charged in the indiotment the use of certain means, tc the jurors unknown, with intent to procure a miscarriage by which one Lulu Kate Fox became wounded, diseased and died.
Under the statute one may be indicted for either producing death or miscarriage, or both, wlon produced by an in-teat to procure miscarriage. In this indictment the crime oharged was causing death, and not miscarriage. The jury returned the following verdict: ‘‘We, the jury on the issue joined, find the defendant, Annie Florien, guilty of procuring abortion as she stands charged on the second count in the indictment.”
The word abortion is not contained in the statute. There is no crime for procuring an abortion, the crime is procuring a miscarriage; and it is very probable that this verdict would not be responsive on an indiotment for procuring a miscarriage, but the defendant was not- indicted for even procuring a miscarriage. She was indicted for producing death in an attempt to procure a miscarriage, sc that even if the word miscarriage might be held to be synonymous with *he word abortion, still miscarriage not having been charged the defendant could not be found guilty of it. In order to have found the defendant guilty on the second count of the indictment as charged, if the jury desired tc specify that it found the defendant guilty, it should have said that it found the defendant guilty of producing death as charged in the indictment; but this it did not do, and therefore what the jury found was not responsive to the indictment, and there was no conviction any more than if it found her guilty of horse stealing or burglary as charged in the indictment. For this error the judgment should be reversed and the cause remanded for further proceedings.